MATTHEWS *et al. v.* IRON-CLAD MANUF'G CO.

*(Circuit Court, S. D. New York. January 9, 1888.)*

PATENTS FOR INVENTIONS—INVENTION—SODA FOUNTAIN.
    Letters patent No. 149,254 were granted to C. H. Schultz March 31, 1874, for improvement in soda fountains. The claim was for making the connection between the bottom and its lining, and the shell and its lining, in a different manner from that adopted by others; both the bottom and the shell had been used before. *Held* that, where the claim was simply for uniting the lining of the bottom and the lining of the shell so as to form an interior integral vessel, in no way superior to many prior devices, it was not invention, and was not patentable.

In Equity. Bill to restrain infringement of patent.

Elizabeth Matthews *et al.*, complainants, sued the Iron-Clad Manufacturing Company to restrain the infringement of a patent owned by them.

*Arthur v. Briesen*, for complainants.

*F. H. Betts, E. C. Webb,* and *F. MacArthur,* for defendant.

COXE, J. The complainants are owners of letters patent No. 149,254, granted to Carl H. Schultz March 31, 1874, for an improvement in soda fountains. The invention consists in providing a sheet copper or boiler-iron soda fountain with a bottom composed of cast-iron, or other suitable material, the inner surface of which is lined with tin which overlaps the edge of the cover and serves to unite it to the tin lining of the shell. In this manner a strong and durable fountain is produced, and the inner surface of the shell is protected against the attacks of the chemicals which may be mixed with the effervescent liquids. The bottom is provided with a downwardly projecting flange and forms a firm base for the fountain. When desired it can be readily removed. The claim is as follows:

"In a vessel for holding effervescent liquids, constructed as herein shown, the bottom, C, having a depending flange, *b*, in combination with the vessel, A, its lining, *a*, cap, B, and lining, *c*, the depending flange of which is interposed between the flange, *b*, and lining, *a*, in the manner and for the purpose specified."

The defenses are non-infringement and lack of patentable novelty. The specification is ambiguous. Two constructions are suggested and maintained by plausible arguments. The complainants insist that the patentee describes a soldered joint between the lining of the bottom and the lining of the cylinder. The defendant asserts that this construction eliminates the only novel feature of the structure, namely, access to the interior of the vessel, and that the claim should be construed to cover a pressure joint only. If the latter construction is adopted, it is quite evident that the defendant does not infringe, as the linings in its structure are soldered together. But it is thought that the positive statement of the specification that the rim of the cap is to be soldered to the lining is wholly inconsistent with the defendant's theory, and makes a soldered joint a necessary element of the claim. The question of invention, therefore, is the only one to be determined. Had the patentee been successful in arranging an operative pressure joint at the point in question the

advantages obtained would quite likely be sufficient to uphold a patent, but when he unites the lining of the bottom and the lining of the shell so that they form an interior integral vessel, in no way superior to the arrangement shown in many prior devices, he has no longer a place even on the debatable ground which divides invention from mechanical skill. The application was twice rejected as showing no new feature, and the claim was twice amended to meet the objections of the examiners. On the eleventh of March, 1874, the patentee, through his attorneys, wrote to the commissioner as follows:

"We ask simply a claim for the vessel, as an entirety; that is, its contruction and union of parts, each of which, separately, are well known; but, so far as we are aware, they have never been combined in a vessel such as presented in this application."

It will be observed that the area of invention was, at best, an exceedingly limited one. Not only is it admitted by the patentee that the separate elements of the claim were old, but, in addition to this, the proof shows that many of them had previously been assembled in nearly analogous combinations. The most liberal statement that can be made regarding the Schultz fountain is that he does not make the connection between the bottom with its lining, and the shell with its lining, in precisely the same manner adopted by others. Wherein his method is an improvement upon those that preceded it, and wherein it involved invention, conceding it to be an improvement, it is, indeed, difficult to perceive. The antecedent art left nothing but the narrow space between the metallic shell and the depending flange of the bottom in which to maneuver. If it required brain work to carry down the tin lining into this space,—a flanged bottom of tin being inserted into the tin cylinder precisely as the flanged bottom of iron is inserted into the iron cylinder, —it is possible that patentability might be presumed. But how can such a proposition be maintained? Are not such changes the ordinary expedients of the workshop? It is so difficult to discover what advantage is obtained by the Shultz arrangement over the many prior fountains, —the Wiesebrock fountain, of 1873, for example,—that it is doubtful if a very skillful mechanic would have adopted it. There is nothing shown which is beyond the grasp of the ordinary workman. As the patentee himself says: "The details were so simple that as soon as it was found that the bottom could be put in there were no more details." When it is remembered that it had been demonstrated time and again that a similar bottom could be put into a similar cylinder in analogous structures not only, but also in soda fountains, the full force of this statement will be appreciated. The record fails to show that the complainants have ever made or sold any fountains embodying the patented features. The defendant after a trial of two years abandoned this construction as impracticable. The position of the complainants involves the concession that it was not invention, in 1874, to put a flanged bottom into an iron shell, or into an iron shell washed with tin, or into an iron shell with a lining of sheet tin adhering thereto; neither was it invention to provide a soda fountain with a separable sheet tin lining. But the contention is

that, for some occult and unfathomable reason, the inventive faculty was called into being because the flanged bottom happened to be covered with a separable sheet tin lining, and, in that condition, was placed in a shell lined in a similar manner.    This position cannot be maintained.

It is thought that it is impossible, in view of the repeated admonitions of the supreme court upon this subject, to sustain the patent.    The bill is dismissed.